## Charles S. Stettauer v. John H. Dwight & James F. Gillette.

1. CHANCERY PRACTICE—*Waiving the Right to a Discovery.*—Where a complainant in chancery waives the oath of a defendant to his answer, he disclaims his right to a discovery from him.

2. FRAUD—*Requisites of a Bill Praying Relief from Fraud.*—To sus-

tain a bill for relief on the ground of fraud, something more than a mere allegation made upon information that fraud has been committed, is required.

3. SAME—*Laches*.—Where a party during the time covered by certain transactions, received statements showing the transactions made for him, and rested contentedly in reliance upon such statements for more than six years after the last payment of money on account of such transactions, and nearly ten years from the time the dealings were begun, and almost five years from the expiration of the period during which they occurred, he is guilty of *laches*.

Memorandum.—Bill for relief. Error to the Circuit Court of Cook County; the Hon. SAMUEL P. COLLINS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 26, 1894.

The opinion states the case.

GEO. W. PLUMMER and WM. J. TEWKESBURY, attorneys for plaintiff in error.

FRANCIS A. RIDDLE, attorney for defendants in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The original bill in this cause was filed November 5, 1887, and, being demurred to, an amended bill was filed June 30, 1890.

A demurrer to the amended bill was sustained, and a further amendment allowed and made on February 17, 1892, and another demurrer having been interposed and heard, the court dismissed the cause for want of equity, at the costs of complainant.

The cause of action alleged by the complainant arose out of some extensive dealings in grain and produce on the Chicago Board of Trade, between the first day of January, 1878, and the thirtieth day of December, 1882, wherein the defendants acted as the brokers and agents of the complainant, and the relief asked is an accounting.

Neither the original bill nor the amended bill was sworn to, and the oath of the defendants to their answers was expressly waived.

Although such allegations are made as make it appear that the complainant depends mainly for a right of recovery upon information peculiarly within the possession and knowledge of the defendants, the bill is not one for discovery. For anything that appears, the complainant is entitled to relief at law, except his right to a disclosure of matters exclusively within the breast of the defendants, will enable him to maintain a bill of discovery; but by waiving the oath of defendants to their answers he disclaims his right to a discovery from the defendants. Chap. 22, Sec. 20, Rev. Stat. Ill.

His right, therefore, to relief in equity, must depend upon whether he makes out a case of fraud, or one for an accounting.

It was alleged that during the time between January 1, 1878, and December 30, 1882, the complainant paid to the defendants a sum in excess of $150,000 as security, and for interest and commissions for the making of the various transactions in his behalf and on his account, and that the aggregate of said transactions exceeded the sum of $8,000,000 in value, and that the transactions were numerous, intricate and complex.

It was also alleged that accounts of the purchases and sales made in behalf of the complainant during the period aforesaid, were from time to time rendered and given to the complainant, but that the same were false, incorrect and fictitious, and did not contain a true and correct account of the trades, deals and transactions made by the defendants for and in behalf of the complainant; that a large portion of the purchases and sales were made at one price, and accounts thereof made to the complainant at another and wholly different price; and that another large portion of the trades and transactions reported to complainant as having been made by the defendants for and in his behalf, were never actually made, but were mere cross-trades, made by the defendants with fictitious persons, and were not actual purchases and sales.

It is averred that the complainant did not keep an account

of the transactions made for him by the defendants, but relied wholly upon the accounts thereof rendered and furnished to him by the defendants from time to time during the period covered by the transactions, and that most of such accounts rendered have been lost and are not in the complainant's possession; and that the truth of complainant's allegations with reference to the falsity and fictitiousness of said accounts and dealings can only be made to appear by an inspection of the books, accounts and memoranda belonging to the defendants, and covering the period aforesaid of their business operations.

In excuse of the long delay of nearly five years from the close of all transactions between the parties, and of more than six years from the date of the last payment of money by complainant to the defendants, as shown by the last amendment made to the bill, until the commencement of the suit, it is alleged that the complainant was first informed and became aware of the fraudulent dealings of the defendants, on or about the first of October, preceding the month in which the original bill was filed.

Such information was alleged to have been derived from "divers persons, who then and there had positive and intimate knowledge" of the fraud which had been practiced by the defendants upon the complainant, in rendering false, fictitious, unjust and untrue statements of said transactions.

It is, however, nowhere made to appear what particular transaction was fraudulent in the respects named, nor in what particular the transactions were complex or intricate, or different from any other long-continued and numerous dealings partaking of the character of simple purchases and sales of grain and produce, concerning which a court of law can afford full relief.

The alleged information as to the fraudulent character of defendant's dealings, applies to all transactions with as much force as to any single one, and is no more than a general allegation of fraud made upon information.

The complainant does not even allege that he believes the information so derived.

To sustain a bill for relief on the ground of fraud, some-

thing more than a mere general allegation made upon information that fraud has been committed, is required.

This statement applies with equal force to all the allegations contained in the bill with reference to fraud.

They are vague and indefinite and altogether incapable of forming an issue upon, and the bill was properly held to be subject to demurrer.

Upon the other ground of *laches*, also, we think the bill was properly dismissed.

According to the allegations of the bill the transactions complained of were within a period of five years beginning January 1, 1878, and ending at the close of December, 1882. The dealings were extensive. As shown by the last amendment to the bill, the first payment of money made by the complainant to the defendants was made August 27, 1878, and the last one was made on June 21, 1881.

During all the time covered by the transactions, the complainant received from the defendants statements showing the transactions made for him, and he rested contentedly in reliance upon those statements for the unreasonably long space of more than six years after the payment by him of any money on account of the transactions, and nearly ten years from the time he alleges the dealings to have been begun, and almost five years from the expiration of the period during which he alleges them to have occurred.

The only fact he alleges as a reason for questioning the accuracy and good faith of such statements after such long acquiescence, is the vague and indefinite information derived by him from divers persons, already alluded to.

We have no hesitation in holding that the Circuit Court properly dismissed the bill. Affirmed.